IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                                                       CIV 02-595 JP/KBM
                                                                                         CR 97-0231 JP

JOSE DE JESUS VALADEZ-CAMARENA,

    Defendant-Movant.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      This matter is before the Court on Defendant's petition under 28 U.S.C. § 2255, where he alleges that the Federal Public Defender who represented him at trial and on direct appeal "failed to challenge the issues." *Doc. 1* at 8. The petition is untimely and I recommend that it be denied as such.

      Defendant was convicted and sentenced in 1998 of drug violations. The United States Court of Appeals for the Tenth Circuit affirmed on direct appeal in 1999. *United States v. Valadez-Camarena,* 195 F.3d 1321, 1999 WL 716883 (10th Cir. 1999). The United States Supreme Court denied certiorari on January 24, 2000, thereby rendering Defendant's conviction final and triggering the one-year limitations period under the Antiterrorism and Effective Death Penalty Act. *See Valadez-Camarena v. United States,* 528 U.S. 1143 (2000); *see also e.g., United States v. Simmonds,* 111 F. 3d 737, 744 (10th Cir. 1997).

      For the purposes of argument, I will assume based on the materials attached to the petition, that at the very latest Defendant was aware of the limitations period in November 2001

and the denial of certiorari no later than January 11, 2002. Yet, he did not file his petition during that time, which would have been timely.

Instead, as evidenced by his November 2001 and January 11, 2002 letters, he was requesting that the Federal Public Defender provide him with additional documents from his file, provide Spanish translations of those and other unspecified documents he previously received, and requesting assistance in obtaining appointment of an attorney. In short, Petitioner was aware of the limitations period and that his petition for certiorari was denied at two weeks before the limitations period passed, but was under the mistaken impression that because he does not speak English, he was entitled to translations of the documents and to have an attorney appointed.

Because Valadez-Camarena cannot speak English, another inmate prepared the instant § 2255 petition for him. Defendant apparently signed it in April and filed it with this court one month later on May 23, 2002, more than two years after his conviction became final. As such the petition it is untimely by more than a year and should be dismissed.

Valadez-Camarena makes a number of assertions to excuse his untimely filing: he was transferred from a prison in Arizona to a Mississippi prison sometime in early 2000; he only learned of the applicable statute of limitations in November 2001; he does not speak, read or write English; he has a sixth-grade education; he has access to legal materials in only in English; and he wanted translated documents and assistance of counsel to prepare the petition. However, none of these reasons are sufficient, either alone or in combination. *See Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S. 821 (1998). Indeed, equitable tolling is only available in "rare and exceptional" circumstances, none of which are present here. *E.g., Gibson v.. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000) (such as "when a prisoner is actually innocent . . . when an

adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, . . . or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.") (internal citations omitted).

Rather than establish diligence on his part, the letters attached to his petition establish that Plaintiff was ***not*** diligent in communicating with counsel or in attempting to timely file. To the contrary, he waited until the last minute. Even then, when he had clear notice of the impending deadline before it passed, he focused his efforts on attempting to secure copies of documents and assistance of counsel instead of filing. A recent unpublished Tenth Circuit opinion involving from a case in this district (attached to the United States' response), provides that difficulty with the English language and lack of assistance will not suffice:

> [Defendant] seeks application of the equitable tolling doctrine based upon his status as a "non-English speaking . . . Mexican citizen," lack of access to adequate "legal library materials and [other] legal assistan[ce]," and "lack[ of] an understanding of the law.". . . While we recognize that at least some of the hardships noted by [Defendant] no doubt inhibited his ability to timely file his § 2255 petition, we conclude that equitable tolling should not here apply to excuse [Defendant]'s otherwise untimely filing."

*United States v. Alvarado-Carrillo,* 2002 WL 1004066 (10th Cir. 5/17/02).

Because it is possible to resolve the issues on the pleadings, and the record establishes conclusively that Defendant is not entitled to relief, I find that an evidentiary hearing is not necessary. *E.g.,* § 2255; Rule 8(a), *Rules Governing Habeas Corpus Under Section 2255; Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the motion pursuant to § 2255 be denied as untimely and this action be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE